United States District Court
Southern District of Texas
FILED

AUG 1 6 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FIRE SHIPPING, LTD. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. B-04-138 |
| | § | Admiralty |
| GST SHIPPING LINE, LTD., | § | |
| a/k/a GST SHIPPING LINE | § | |
|     Defendant. | § | |

### MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

TO THE JUDGE OF THIS COURT:

Plaintiff, Fire Shipping, Ltd., by and through its attorneys, having appeared and made the following recitals:

1. On August 16, 2004, the Verified Complaint herein was filed praying that any and all fuel/oil bunkers aboard the M/V GLYFADA, be attached, condemned and sold to pay Plaintiff's demands and claims and for other proper relief.

2. On August 16, 2004, the Clerk of this Court issued a Writ of Attachment of any and all fuel/oil bunkers, commanding the United States Marshal, for the Southern District of Texas, to attach and take into custody the Defendant property and to detain the same in his custody until further Order of the Court.

3. It is contemplated that the United States Marshal will seize the Defendant property forthwith. Custody by the United States Marshall requires the services of one or more keepers alone and not including charges for security, and if necessary, offloading,

51982:1117177.1:081304

storage, tank-cleaning and the other services usually associated with transferring and safekeeping bunkers.

4.   The Defendant fuel/oil bunkers are currently onboard the M/V GLYFADA berthed at the Port of Brownsville. Maritime Salvage & Services, Inc. has agreed to assume the responsibility of safekeeping the bunkers and if necessary, offloading and transfer of the said bunkers to storage terminal and has consented to act as its custodian upon Order of this Court, all the rate of $225.00 per day, plus reasonable expenses, including, but not limited to pumping charges, tank barge (or truck) costs, storage costs and tank-cleaning costs. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. <u>In any case, the transfer of the Defendant property to the substitute custodian for safekeeping will not be effected until the court approves such custodianship and all such charges have been paid (or arranged to be paid) by the moving party</u>.

5.   William E. Kenon, President of Marine Salvage & Services, Inc., by affidavit, states that it has adequate knowledge and expertise for the proper safekeeping of the property (and if necessary, offloading, transfer and storage) and that it possesses insurance and/or substance adequate to respond in damages for loss or injury of the Defendant property or for damage sustained by third parties due to any acts, faults or negligence by said substitute custodian. See *Exhibit "A", Affidavit of William E. Kenon*. Further, in said affidavit, substitute custodian accepts, in accordance with the terms of this Order, possession of the Defendant property, which is the subject of this action. *Id.*

6. Plaintiff, Fire Shipping, Ltd., in consideration of the Marshal's consent to the substitution of custody, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of care and custody of the property and all other necessaries thereunto appertaining to and arising from said property over to said substitute custodian. See *Affidavit of Plaintiff's attorney, James H. Hunter, Jr., attached as Exhibit "B"*. Plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping. *Id.*

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **FIRE SHIPPING, LTD.** prays for an Order Appointing Marine Salvage & Services, Inc., as Substitute Custodian over the Defendant's property, in conformity with the terms of this Motion, and for all and further relief, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: _____
James H. Hunter, Jr.
Federal ID # 15703
Texas State Bar # 00784311
Sara Barrientes
Federal ID # 37134
Texas State Bar # 24040478
**Attorneys for Plaintiff**
**FIRE SHIPPING, LTD.**

Of COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**
55 Cove Circle
P. O. Box 3509
Brownsville, TX 78523-3509
Tel:   (956) 542-4377
Fax:   (956) 542-4370

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FIRE SHIPPING, LTD. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | Admiralty |
| GST SHIPPING LINE, LTD., | § | |
| a/k/a GST SHIPPING LINE | § | |
|     Defendant. | § | |

### AFFIDAVIT OF APPLICATION FOR SUBSTITUTE CUSTODIAN

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

    William E. Kenon, as representative of Marine Salvage & Services, Inc., being first duly sworn, deposes and says he has personal knowledge of the facts herein.

    A.    I am the President of Marine Salvage & Services, Inc. and am fully authorized by Marine Salvage & Services, Inc. to submit the Affidavit herein.

    B.    I am familiar with the nature, type and location of bunkers aboard a bulk ship such as M/V GLYFADA, as described in the Verified Complaint herein, at least to the extent of its nature and apparent condition, and respectfully submit that Marine Salvage & Services, Inc., has the expertise for the safekeeping of said bunkers, the product(s), and if necessary, offload same by way of barge or tank trucks and transfer to a tank terminal for storage, all such activities in place of the Marshal during the pendency of the suit herein and until further Order of the Court, and in this regard, I state that Marine Salvage & Services, Inc. will exercise due care to preserve and protect the bunkers.

    C.    Further, I state that Marine Salvage & Services, Inc. has assets and insurance adequate to respond in damages for loss or injury to the bunkers during said custody or for damages sustained by third parties due to the negligence of Marine Salvage & Services, Inc., or its employees or agents during said custody, and will hold harmless and indemnify the

51982:1117200.1:081304


EXHIBIT "A"

United States and the United States Marshal's Service from any claims arising out of the negligent performance of any duties it undertakes as Substitute Custodian.

D.   The costs and expenses incidental to the keeping of the said vessel will be paid initially by the Plaintiff, although Plaintiff will seek reimbursement of these expenses in this admiralty proceeding. The United States Marshal will not assume liability for any costs incurred incidental to a Court appointed custodianship.

I declare under penalty of perjury that the foregoing is true and correct.

_____
**WILLIAM E. KENON, as President and
Authorized Agent of Marine Salvage & Services, Inc.**

**SUBSCRIBED AND SWORN TO BEFORE ME** this  13th  day of August, 2004.

_____
Notary Public for the State of Texas
Printed Name: Sylvia Salas

My commission expires:  1/24/05

[Notary Seal: SYLVIA SALAS, MY COMMISSION EXPIRES January 24, 2005]

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FIRE SHIPPING, LTD. | § | |
|     Plaintiff, | § | |
| | § | Civil Action No. B-04-138 |
| vs. | § | Admiralty |
| | § | |
| GST SHIPPING LINE, LTD., | § | |
| a/k/a GST SHIPPING LINE | § | |
|     Defendant. | § | |

### AFFIDAVIT IN SUPPORT OF MOTION FOR SUBSTITUTE CUSTODIAN

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

James H. Hunter, Jr., being duly sworn, deposes and says:

1. I am an attorney and partner in the firm of Royston, Rayzor, Vickery & Williams, L.L.P., attorneys for Plaintiff herein, and submit this affidavit in support of entry of an order appointing Marine Salvage & Services, Inc. as Substitute Custodian over any and all fuel/oil bunkers found onboard the M/V GLYFADA.

2. This is an admiralty action for breach of a charterparty.

3. A Writ of Attachment of any and all fuel/oil bunkers aboard M/V GLYFADA was issued on August 16, 2004, but has not yet been executed.

4. The M/V GLYFADA is presently at the Port of Brownsville, Cameron County, Texas. There appears to be no necessity for an appointment of a

51982:1117195.1:081304



EXHIBIT "B"

keeper by the U. S. Marshal or for the bunkers onboard the vessel to remain in the custody of the U. S. Marshal while under maritime arrest, because Maritime Salvage & Services, Inc. can act as a substitute custodian thereby eliminating additional costs the Marshal would have to expend to sub-contract safekeeping, and if necessary, pumping, transfer and storage charges.

5. Marine Salvage & Services, Inc. is fully competent to ensure safekeeping of the bunkers aboard the M/V GLYFADA and if necessary, to arrange for offloading, pumping and transfer to a storage terminal.

6. Marine Salvage & Services, Inc., by and through its President, William E. Kenon, has advised your deponent that he has agreed to accept responsibility for the bunkers while under maritime attachment and to act as substitute custodian herein for reasonable consideration.

7. Insurance is available to respond in damages for loss of or injury to the bunkers during said custody or for damage sustained by third parties.

8. Further, Marine Salvage & Services, Inc. agrees to accept substitute custodianship for the bunkers in accordance with the Order Appointing Substitute Custodian.

9. WHEREFORE, your Deponent respectfully requests that Marine Salvage & Services, Inc. be appointed substitute custodian of the bunkers onboard the M/V GLYFADA after its arrest by the U.S. Marshal, that the substitute

custodian be authorized to offload and transfer said bunkers to a terminal for storage, Substitute Custodian Marine Salvage & Services, Inc. be bound to indemnify, hold harmless and defend the U. S. Marshal, the United States and the United States District Court for the Southern District of Texas from any liability arising, during or incidental to service by the substitute custodian, and that a $5,000.00 deposit for U. S. Marshal's fees be deemed sufficient for the U. S. Marshal to effect the arrest of the bunkers aboard the M/V GLYFADA.

_____
James H. Hunter, Jr.

SWORN TO and SUBSCRIBED BEFORE ME this 16th day of August, 2004.

_____
Notary Public in and for the
State of Texas

SYLVIA SALAS
MY COMMISSION EXPIRES
January 24, 2005

My Commission Expires:

1/24/05